ERNEST E. ANGELL *vs.* AMASA SPRAGUE, *et al.*

FEBRUARY 12, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)   Replevin.   Further Bonds or Surety.*

Gen. Laws, 1909, cap. 336, § 12, authorizing district courts to issue writs of replevin where the goods and chattels to be replevied are of the value of five hundred dollars or less, and to "try the same and award execution therein, adhering in their proceedings as near as may be, to the forms herein prescribed," allows such courts to follow within their own jurisdictional limits, the forms of procedure in replevin suits imposed by said chapter, and hence authorizes the court to order a further bond or surety, provided that in case the court orders a further bond, the aggregate amount of such bonds shall not exceed one thousand dollars.

WRIT OF ERROR.   Heard and relief granted.

VINCENT, J.   This is a petition for a writ of error against the district court of the sixth judicial district and sets forth that on the 9th day of August, 1912, the petitioner issued out of said district court a writ of replevin against the respondents, Amasa Sprague, Henry B. Hathaway, William F. Tucker and Emma Tucker; that said writ was duly served and was entered in court August 28, 1912; that upon the return day the petitioner, as plaintiff, claimed a jury trial, the respondents entering their appearance and filing pleas; that prior to the return day of the writ the respondents filed a motion for further bond and surety which motion was heard and thereupon it was ordered that a bond for $1,000 should be furnished, with sufficient sureties, on or before

August 30, 1912; that before the service of said writ of replevin, the petitioner, as plaintiff therein, executed a bond with two sureties in the sum of $600; that the petitioner has not filed the bond for $1,000; that the respondents, as defendants in said replevin suit, filed a motion to dismiss the same and to have damages assessed and judgment entered in their favor which said motion was heard and a decision rendered thereon in the district court, as follows: "Sept. 19, 1912—Upon hearing of defendants' motion to dismiss this suit the suit is dismissed for non-compliance by plaintiff with order of the court to give further bond with surety and judgment is rendered for the defendant, Henry B. Hathaway, for a return and restoration to him of the goods and chattels replevied and for damage, $240, as shown at the hearing and for his costs, and judgment is also rendered for each of the other defendants for his costs." The petition concludes with a prayer for a writ of error to the district court of the sixth judicial district requiring said court to certify its records of said suit to this court for the correction of errors, the entry of such judgment as law and justice may require, for stay of execution, for citation, etc.

Upon the day of hearing in this court the record of the district court of the sixth judicial district and the original papers in the case were produced before this court as upon a formal return to a writ of error duly issued.

The petitioner claims, in the first place, that a district court has no authority under the statute to order a further bond and surety, but that the authority to order further bond and surety is limited to replevin suits where the goods sought to be replevied are over five hundred dollars in value, and therefore beyond the jurisdiction of a district court.

(1)     We do not think that the petitioner's claim in this regard can be sustained. District courts are specifically authorized by Section 12 of Chapter 336, Gen. Laws of 1909, to "issue writs of replevin where the goods and chattels to be replevied are of the value of five hundred dollars or less," . . . and to "try the same and award execution therein, adhering

in their proceedings, as near as may be, to the forms herein prescribed."

The petitioner contends that the word "forms," in the section referred to, must be construed strictly and he therefore claims, presumably, that it is limited and has reference to the form of a replevin writ which the chapter in question prescribes. We think, however, that the word "forms" must be taken in its broader significance and to refer to the forms of procedure in replevin suits which that chapter imposes and which may be followed by district courts within their own jurisdictional limits.

The petitioner further contends that if the district court has authority to order a further bond and surety, its jurisdiction being limited to actions where the goods replevied are of the value of five hundred dollars or less, it cannot properly order a bond or bonds the total amount of which exceeds one thousand dollars, and that in the present case, a bond having already been furnished in the sum of six hundred dollars, a compliance with the order of the court and the giving of another bond for one thousand dollars would increase the liability of the petitioner to sixteen hundred dollars in all, there being no provision for the cancellation of the first bond and no attempt on the part of the respondents to effect such cancellation. In Sec. 4, Chap. 336, Gen. Laws of 1909, it is provided that in case the defendant shall, at any time pending the writ of replevin, be dissatisfied with the amount of the sureties or the surety company in such bond, the court before which the same shall be pending may, on motion and for cause shown, in their discretion, order the plaintiff to give further bond or further surety. The district courts having only such powers as are conferred upon them by statute, it follows, from the section last referred to, that their authority to increase or extend the bond security originally given is limited to two things,—(1) to requiring further surety upon the bond already given, and (2) to requiring a second or further bond. While the bond for one thousand dollars which the petitioner was ordered to give is

referred to in some portions of the record as a "further bond," the order of the district court is simply for a bond of one thousand dollars, to be furnished by the petitioner within a specified time. However, as the statute only authorizes a "further" bond, we think that the one ordered must be considered as within that classification.

Taking the facts as they appear in the record, it is clear that the petitioner, should he comply with the order of the court and give the bond for one thousand dollars, would become liable on two bonds aggregating sixteen hundred dollars. The amount of the bond required in any replevin suit cannot exceed double the amount of the goods to be replevied. The jurisdiction of the district court being limited to five hundred dollars, it naturally follows that it cannot require a bond exceeding one thousand dollars in a replevin suit. To order a larger bond would be equivalent to finding that the case was one beyond its jurisdiction.

We think that the case should be reinstated in the district court, and that the order requiring the plaintiff to give a bond for one thousand dollars should be vacated, but without prejudice to the right of the respondents to thereafter move for further surety or further bond if they shall see fit.

The orders and judgments of the district court of the sixth judicial district, entered on the 23rd day of August, 1912, and on the 19th day of September, 1912, are vacated without prejudice to the right of the respondents to move for further surety or further bond if they shall see fit, and the case is remitted to said district court to be reinstated, and for further proceedings.

*Charles H. McKenna,* for petitioner.
*Irving Champlin, William A. Morgan,* for respondents.